UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re:* ) | |
| First Premier Funding, LLC, ) | Bankruptcy No. 23 B 00811 |
| ) | |
| Debtor. ) | Judge Jacqueline P., Cox |
| ) | |
| _____ ) | |
| ) | |
| ) | |
| First Premier Funding, LLC, ) | |
| ) | |
| Plaintiff/Appellant, ) | Case No. 23-cv-14854 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| County of Cook d/b/a Cook County Land ) | |
| Bank Authority ) | |
| Defendant/Appellee. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Appellant First Premier Funding, LLC's appeal of the bankruptcy court's September 29, 2023 ruling dismissing its Chapter 11 bankruptcy petition. For the foregoing reasons, the Court affirms the bankruptcy court's ruling.

**BACKGROUND**

First Premier Funding, LLC ("Appellant") is the beneficiary of the Capital Equity Land Trust No. 2140215 ("Capital Equity"). From 2014-2019, Capital Equity held title to the property at 17100 Halsted St., Harvey, IL 60426 (the "Property"). On July 17, 2019, the Property was sold to Cook County Land Bank Authority ("Appellee") via a scavenger sale after Capital Equity defaulted on $400,000.00 in property taxes. On October 21, 2021, the Circuit Court of Cook County entered orders issuing the tax deeds of the Property to Appellee, which were timely appealed. On February 10, 2022, Appellee filed the tax deeds with the Cook County Recorder of Deeds.

1

On March 7, 2022, Capital Equity filed for Chapter 11 bankruptcy (the "Capital Equity Bankruptcy"). On November 9, 2022, the bankruptcy court dismissed Capital Equity's petition, finding Capital Equity ineligible for bankruptcy relief as a land trust under 11 U.S.C. § 109(d). The bankruptcy court determined that the case was not filed in good faith, but rather as a litigation tactic, under 11 U.S.C. § 1112(b) due to the pending appeal of the state court tax proceeding. Further, the bankruptcy court determined that Capital Equity failed to show it had any income to fund a reorganization plan as required for Chapter 11 bankruptcy.

On January 20, 2023, Appellant filed this Chapter 11 bankruptcy petition. Although Appellant did not hold title to the Property, Appellant listed the Property as the location of its "principal assets" in the petition. On April 26, 2023, Appellee filed a motion to dismiss, alleging that Appellant's bankruptcy case was not filed in good faith, but as a litigation tactic after the state court denied the appeal of the lower court's orders issuing of tax deeds of the Property to Appellee.

The bankruptcy court held an evidentiary hearing on August 8, 2023. Appellant called Tiffany Webb, Appellant's manager, as a witness. Webb testified that Appellant's business has no assets, no business, and $199,000 in debt. Webb also testified that it would cost $1 million to repair the Property.

The bankruptcy court granted Appellee's motion to dismiss, finding that res judicata prevented Appellant from relitigating the issues and claims that were resolved in the Capital Equity Bankruptcy. The bankruptcy court also found that the petition was filed in bad faith because Appellant's business had no revenue and no assets to support a reorganization plan to rehabilitate the Property and repay the outstanding debt. The bankruptcy court determined that Appellant filed the bankruptcy petition as a litigation tactic to appeal the state court decision granting the ownership of the Property to Appellee. Accordingly, the bankruptcy court dismissed the bankruptcy petition. Appellant appealed the dismissal on October 13, 2023.

2

**LEGAL STANDARD**

Federal district courts have jurisdiction over appeals from final orders of bankruptcy courts pursuant to 28 U.S.C. 158(a). A bankruptcy court's legal conclusions and mixed questions or law and fact are reviewed *de novo*. *Mungo v. Taylor,* 355 F.3d 969, 974 (7th Cir. 2004). Factual findings are reviewed for clear error. *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009).

**DISCUSSION**

The three main issues before the Court are (1) whether dismissal was proper based on the bankruptcy court's finding that the case was not filed in good faith, but as a litigation tactic, under § 1112(b); (2) whether the bankruptcy court's failure to hold a confirmation hearing on Appellant's reorganization plans was improper; and (3) whether the case was precluded by the principles of res judicata and collateral estoppel.

**I.  Section 1112(b)(1)**

Appellant argues that the bankruptcy court improperly dismissed the case under 11 U.S.C. § 1112(b) because there was no evidentiary basis for a finding that the case was filed in bad faith or that it was filed as a litigation tactic. Appellant also contends that the bankruptcy court erred in dismissing the bankruptcy petition without a confirmation hearing on Appellant's reorganization plan.

*a. Bad Faith*

The bankruptcy court found that the petition was filed in bad faith under § 1112(b). Bankruptcy courts have broad discretion under § 1112(b) to dismiss a Chapter 11 case for cause. *In re Bartle*, 560 F.3d 724, 730 (7th Cir. 2009). Good faith is a prerequisite to securing Chapter 11 relief, and lack of such good faith constitutes "cause" sufficient for dismissal under § 1112(b). *Matter of Madison Hotel Assocs.*, 749 F.2d 410, 426 (7th Cir. 1984). Bankruptcy courts in this District analyze several non-exclusive factors, known as the *Tekena* factors, in determining whether a bankruptcy

3

petition was filed in good faith. *See In re Tekena USA,* LLC, 419 B.R. 341, 346 (Bankr. N.D. Ill 2009) (Cox, J.) As no single *Tekena* factor is determinative, a bankruptcy court must review the "totality of the circumstances" as they existed when the petition was filed to make a good faith determination. *See In re Tekena USA, LLC,* 419 B.R. at 349.

Here, the bankruptcy court found that *Tekena* factors 1,2, 4, 5, 8, 11, and 12 were met: Appellant had only eight unsecured creditors; there was a previous bankruptcy petition by a "related entity," Capital Equity; the bankruptcy petition would allow Appellant to evade the state court orders; there are few debts to non-moving creditors; Appellant has no ongoing business and has not operated any business on the Property from 2016 to 2022; there was no testimony or evidence that Appellant was under pressure from non-moving creditors; and Appellant's proposed reorganization plan essentially involved the resolution of a two party dispute between Appellant and Appellee as it concerned the Property.

The bankruptcy court's findings of fact for each of the *Tekena* factors were based upon sufficient evidence in the record. The bankruptcy court relied on the pleadings in this bankruptcy proceeding, the filings from the Capital Equity Bankruptcy, and the oral arguments at the evidentiary hearing, including the testimony of Appellant's witness, Tiffany Webb.

Additionally, Appellee met its burden to establish "cause" by addressing the speculative nature of Appellant's organization plan, the absence of Appellant's ownership of the Property, and lack of ongoing business and employees. Despite Appellant's assertions, Appellee did not need to present a witness at the evidentiary hearing as Webb's testimony and the substantive evidence supported the bankruptcy court's conclusion. Accordingly, the Court finds that the bankruptcy court did not err in finding "cause" for dismissal under § 1112(b).

b. *Litigation Tactic*

The bankruptcy court also found that Appellant filed its petition as a litigation tactic because the petition was essentially a two-party dispute between Appellant and Appellee, warranting an independent basis for dismissal under § 1112(b). Appellant contends that it filed the bankruptcy petition to reorganize its business. The bankruptcy court properly determined that Appellant's actual motive was to regain the Property because Appellant filed the petition during the pending appeal of the state court tax proceedings.[1] Accordingly, the Court finds that the case was properly dismissed as a litigation tactic.

c. *Ability to Reorganize*

The bankruptcy court additionally found that dismissal was warranted under § 1112(b) as it was unlikely that Appellant could reorganize its business in a reasonable amount of time. Section 1112(b) permits dismissal where successful reorganization is impossible. *See In re Franklin,* 476 B.R. 545, 551 (Bankr. N.D. Ill. 2012) (Schmetterer, J.) Successful reorganization is impossible where there is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," "failure . . . to file or confirm a plan, within the time fixed by this title or by order of the court," and "inability to effectuate substantial consummation of a confirmed plan." 11 U.S.C. § 1112(b)(4)(A), (J), (M).

The bankruptcy court reasoned that the crux of Appellant's reorganization plan was based on the uncertain return of ownership of the Property. Indeed, Webb's testimony at the evidentiary hearing confirmed that Appellant's reorganization plan involved developing a hotel on the Property. Further, Webb testified that this would require acquisition of additional debt even though Appellant owned no property and had no business or revenue. The bankruptcy court found that Appellant's

---

[1] In making its determination, the bankruptcy court referenced the findings from the Capital Equity Bankruptcy. The Capital Equity Bankruptcy reached the same conclusion as the bankruptcy court did here.

reorganization plan was speculative at best as it was contingent on the questionable return of the Property and would involve further revenue loss to a non-operating business.

Due to the unsettled nature of the reorganization plan, the Court finds that the bankruptcy court properly found that successful reorganization in a reasonable amount of time was not possible. Sine the Appellant's reorganization plan was unreasonable, the Court likewise finds that a confirmation hearing was unnecessary. *See Matter of Woodbrooks Assocs,* 19 F.3d 312, 317 (7th Cir. 1994). The bankruptcy court's dismissal based on Appellant's inability to reorganize was proper under § 1112(b).[2]

## II. Res Judicata

Appellant also argues that the bankruptcy court erred in its determination that the filing of the bankruptcy case was barred by res judicata. Res judicata applies in the context of bankruptcy proceedings. *See In re Ranieri,* 589 B.R. 450, 455 (Bankr. N.D.Ill. 2019) (Goldgar, J.). The bankruptcy court requested that the parties brief the issues of collateral estoppel and res judicata. Since Appellee only addressed res judicata in their motion to dismiss, the bankruptcy court only analyzed res judicata in its opinion. Although both parties have briefed the collateral estoppel issue here, this Court must only review a bankruptcy court's decision *de novo,* and since the parties failed to brief the issue to allow a ruling by the bankruptcy court, this Court will not permit the parties a second bite at the apple and rule on the issue here.

Res judicata has three elements: 1) an identity of the parties or their privies in the first and second lawsuits; 2) an identity of the cause of action; and 3) a final judgment on the merits in the first suit. *Adams v. City of Indianapolis*; 742 F. 3d 720, 736 (7th Cir. 2014). Here, the bankruptcy court found that the first element of res judicata was met as Appellant conceded that it was in privity with

---

[2] Appellant argues that statutory exceptions to § 1112 should apply. However, as explained, because the reorganization plan was unlikely to succeed in a reasonable time, the statutory exceptions are irrelevant.

Capital Equity, the debtor in the prior bankruptcy proceeding. Appellant attempts to argue that the decision in the Capital Equity Bankruptcy was not "substantive." However, the bankruptcy court properly found that the dismissal of the Capital Equity Bankruptcy was substantive as the court determined that Capital Equity was not eligible to be a debtor as a business trust. This Court finds that the bankruptcy court properly concluded that the first requirement is satisfied.

The second element, the identity of the cause of action, is also met. Identity of the cause of action is met where the claims arise out of the same set of operative facts or the same transaction." *In re Energy Coop., Inc.*, 814 F.2d 1226, 1230 (7th Cir. 1987). Appellant contends that the Capital Equity Bankruptcy was based on different rules of law than those in this case. Appellant's argument misses the mark. Here, the bankruptcy court determined that both bankruptcy filings arose out of the same set of operative facts (that Appellee's acquisition of the Property was improper) and the same transaction (the state court tax proceedings). Indeed, both bankruptcy proceedings were filed by Tiffany Webb. The bankruptcy court's conclusion that the second element of res judicata was satisfied is proper.

The third element, the final judgment on the merits of the first suit, for res judicata is also met. Appellant contends that the Capital Equity Bankruptcy proceeding contemplated different issues than those in this case and therefore there was no final judgment on the merits of the first suit. Appellant's argument confuses the second element requirements with those of the third element. As discussed, this Court already determined that the requirements of the second element of res judicata were met. The bankruptcy court found that the final element was satisfied by the November 9, 2022 dismissal order in the Capital Equity Bankruptcy and the related proceeding. This Court agrees with the findings of the bankruptcy court.

The bankruptcy court did not err in its conclusion that this case was barred by res judicata.

**III.  Waiver Arguments**

Appellant raises several waiver arguments for the first time in its reply brief. A party may not raise arguments for the first time in their reply brief. *Laborers' Pension Fund v. W.R. Weis Co.,* 879 F.3d 760,768 (7th Cir. 2018). Accordingly, this Court will not address the merits of the arguments.

**CONCLUSION**

For the reasons stated herein, this Court affirms the decision of the bankruptcy court. Civil case terminated.

**IT IS SO ORDERED.**

Date: 12/9/2024                                Entered:

_____
SHARON JOHNSON COLEMAN
United States District Judge